**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| NILDA O'BRIEN, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | No. 5:18-cv-03119 |
| | : | |
| LEHIGH VALLEY HEALTH | : | |
| NETWORK, INC., *d/b/a Lehigh Valley* | : | |
| *Hospital;* and | : | |
| LEHIGH VALLEY HOSPITAL, INC., | : | |
| *d/b/a LVHN – Muhlenberg,* | : | |
| Defendants. | : | |

## **O P I N I O N**

**Defendants' Partial Motion to Dismiss, ECF No. 15— Granted in part and Denied in part**

**Joseph F. Leeson, Jr.**                                                                                                        **June 27, 2019**
**United States District Judge**

## I.    INTRODUCTION

Plaintiff Nilda O'Brien asserts two claims that arose after she was discharged from her position with Defendants Lehigh Valley Health Network and Lehigh Valley Hospital (collectively, "LVHN"). First, under the Americans with Disabilities Act (ADA), she alleges discrimination, retaliation, failure to accommodate, and creation of a hostile work environment. Second, under the Family and Medical Leave Act (FMLA), O'Brien alleges interference with and retaliation for her attempt to invoke her right to medical leave. LVHN moves to dismiss O'Brien's FMLA claims of interference and retaliation pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, the motion to dismiss is granted in part and denied in part.

## II. BACKGROUND[1]

O'Brien was employed by LVHN as a Technical Partner beginning in May 2017. Her responsibilities included assisting patients with the bathroom, emptying catheters, feeding, drawing blood, and diagnostic studies of patients. During her employment at LVHN, O'Brien suffered from Crohn's Disease, among other health conditions.

In June 2017, shortly after starting, O'Brien notified her supervisors at LVHN of her condition and the need for intermittent time off from work due to Crohn's Disease, which occasionally limited her ability to work or required hospitalization.[2] O'Brien requested intermittent leave under the FMLA in June 2017, September or October 2017, November 2017, and in early 2018. Each of these requests were denied, and O'Brien was notified that she was not yet eligible for FMLA leave at those times. O'Brien also notified LVHN of her intent to take intermittent leave when she became eligible for FMLA benefits in May 2018.

Because of her medical condition, O'Brien was periodically absent from work. In the amended complaint, she explains how from October 2017 to January 2018, on four occasions her medical condition caused her to miss work. Though these instances of absenteeism were related to her medical condition, LVHN still issued "occurrences," a form of employee discipline, and "formally" disciplined her three times.

In the beginning of March 2018, O'Brien complained to her supervisor about what she perceived to be discriminatory treatment over the absenteeism caused by her medical condition

---

[1] The background information in this section is taken from the amended complaint and is set forth as if true solely for the purpose of analyzing the pending motion to dismiss. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). The Court includes only the facts relevant to its discussion of O'Brien's FMLA interference and retaliation claims.

[2] O'Brien's symptoms included abdominal pain, severe diarrhea, fatigue, vomiting, dehydration, and malnourishment.

and asked that it stop. Further, O'Brien threatened to escalate her complaints of disability discrimination to other managers at LVHN if the alleged discriminatory treatment did not stop. Two days later, O'Brien was terminated from her employment at LVHN. LVHN notified her that she was terminated because she failed to properly assist a patient. O'Brien alleges she was actually terminated due to her disability and because of her requests for intermittent leave under the FMLA.

## III. LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a complaint for its "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The Rules generally demand "only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations omitted)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). In rendering a decision on a motion to dismiss, this Court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips*, 515 F.3d at 233 (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002) (internal quotations omitted)). Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim. *Id.* at 234 (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* (explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense"). The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

**IV. ANALYSIS**

Congress passed the FMLA in 1993 to help employees balance workplace demands with their own family and medical needs. 29 U.S.C. § 2601(b). The FMLA entitles eligible employees to up to twelve weeks of leave in connection with a serious medical condition. *Id.* § 2612(a)(1)(D). The FMLA contains two provisions intended to protect the rights provided in the statute. First, employers may not interfere with or deny attempts to exercise rights provided by the FMLA. *Id.* § 2615(a)(1). This is known as the interference provision. Second, employers may not "discharge or in any other manner discriminate against" an employee who has invoked his or her right to FMLA leave. *Id.* § 2615(a)(2). This is known as the retaliation provision. O'Brien asserts claims under both protective provisions. Each claim will be discussed in two parts, separately assessing the claim as it relates to the periods before and after O'Brien would have become eligible.

**A. LVHN's motion to dismiss O'Brien's FMLA interference claim**

To state a claim for interference under the FMLA, the plaintiff must allege that: (1) the employee was eligible; (2) the employer was subject to FMLA requirements; (3) the employee was entitled to FMLA leave; (4) the employee provided notice of their intent to take FMLA

leave; and (5) the employee was denied benefits. *Ross v. Gilhuly*, 755 F.3d 185, 191-92 (3d Cir. 2014).

LVHN argues that O'Brien's FMLA interference claim must fail because she was not eligible for FMLA leave at any time when she requested it. O'Brien responds that employers may be liable for FMLA interference when they are aware of the employee's intent to invoke FMLA rights.

To be eligible for FMLA leave, the statute requires an employee to have been employed for at least twelve months and to have completed 1,250 hours of service. 29 U.S.C. § 2611(2)(A).[3] Although an employee must be "eligible" to take FMLA leave, eligibility determinations are made respective to the day leave is to begin. *See* 29 C.F.R. § 825.300(b)(1). Thus, an interference claim may be stated when the employee was not eligible for FMLA leave at the time of the request but would have gained eligibility by the time such leave was to begin. *Beffert v. Pa. Dep't of Pub. Welfare*, 05-cv-43, 2005 U.S. Dist. LEXIS 6681, at *9-10 (E.D. Pa. Apr. 18, 2005). With this division in mind, O'Brien's interference claim can be divided into two parts: (1) requests for leave to begin before becoming eligible, and (2) stated intent to take leave after becoming eligible.

With respect to O'Brien's requests for FMLA leave to begin before May 8, 2018, the eligibility element is dispositive. She has not pleaded sufficient facts to state a claim upon which relief can be granted because she cannot claim eligibility prior to that date. For that reason, LVHN's motion to dismiss is granted where O'Brien's claim is based on these requests. But with respect to O'Brien's request for leave to begin in May 2018 after she became eligible, she has

---

[3] The number of hours O'Brien has worked is not at issue.

alleged sufficient facts to state a claim upon which relief can be granted. For that reason, LVHN's motion to dismiss is denied where O'Brien's claim is based on this request. These points are discussed in greater detail below.

**1. Requests for leave to begin before becoming eligible**

As conceded in the amended complaint, O'Brien was not eligible for FMLA leave at any point before she was terminated because she had not yet been employed by LVHN for one year. Am. Compl. ¶ 46, ECF No. 12. Her FMLA interference claim with respect to requests for leave to begin before she was terminated is therefore denied.

To adequately claim FMLA interference, a plaintiff must allege eligibility for benefits. *See Ross*, 755 F.3d at 191; *Sinacole v. iGate Capital*, 287 F. App'x 993, 995 (3d Cir. 2008) (citing *Callison v. City of Philadelphia*, 430 F.3d 117, 119 (3d Cir. 2005)); *Snider v. Wolfington Body Co.*, No. 16-cv-02843, 2016 U.S. Dist. LEXIS 143116, at *26 (E.D. Pa. Oct. 17, 2016) (citing *Callison*, 430 F.3d at 119)). An eligible employee must have been "employed for at least 12 months by the employer with respect to whom leave is requested." 29 U.S.C. § 2611(2)(A).

In *Snider*, an employee requested maternity leave under the FMLA to begin within the first twelve months of her employment. 2016 U.S. Dist. LEXIS 143116, at *2-3. The FMLA leave request was denied, and Snider was terminated after taking more than her regularly-allotted number of leave days. *Id.* at *3. She claimed that her termination constituted interference and retaliation under the FMLA. *Id.* at *5. The interference claim was dismissed because Snider was

not eligible for FMLA rights at the time she took maternity leave.[4] *Id.* at *26. The court's reasoning in *Snider* also applies to O'Brien's claim.

In the amended complaint, O'Brien does not allege, nor could she, that she was eligible for FMLA leave when she requested it in June 2017, September or October 2017, November 2017, and early 2018. At these points, O'Brien had not satisfied the twelve-month eligibility requirement. Accordingly, she has not stated a claim upon which relief can be granted, and it is not necessary to evaluate the other elements of her interference claim with respect to these requests. LVHN's motion regarding such leave requests is granted, and because, as a matter of law, O'Brien cannot allege eligibility for FMLA leave for these dates, the interference claim as it relates to requests for leave to begin before May 2018 is dismissed with prejudice.

**2. Stated intent to take leave after becoming eligible**

Eligibility for FMLA benefits is to be "determined . . . at the commencement of the first instance of leave for each FMLA-qualifying reason in the applicable 12-month period." 29 C.F.R. § 825.300(b)(1). A plaintiff may successfully state a claim for FMLA interference based on prospective eligibility, regardless of eligibility for leave at the time of the request. *Beffert*, 2005 U.S. Dist. LEXIS 6681, at *9-10. Employees are protected by the FMLA's interference and retaliation provisions beginning at the time they invoke their right to FMLA leave, not the time such eligibility begins. *Erdman v. Nationwide Ins. Co.*, 582 F.3d 500, 509 (3d Cir. 2009).

In *Beffert*, an employee was terminated after requesting future FMLA maternity leave within the first twelve months of employment. 2005 U.S. Dist. LEXIS 6681, at *3. Although Beffert requested leave within the first twelve months of employment, she would have gained

---

[4] Snider's retaliation claim was also dismissed because she was not eligible for FMLA rights when she took maternity leave. *See Snider*, 2016 U.S. Dist. LEXIS 143116 at *22.

eligibility by the time her leave began. *Id.* The defendant employer moved to dismiss for failure to state a claim, arguing that Beffert was not FMLA-eligible at the time of her request. *Id.* at *5. In analyzing whether Beffert had satisfactorily alleged interference, the court noted that the FMLA requires prior notice of an employee's intent to take FMLA leave. *Id.* at *8-9. Without protection based on prospective eligibility, *Beffert* concludes, the notification requirement would create a trap, in which employees may be terminated without reproach for FMLA invocation. *Id.* at *9. On that reasoning, Beffert's claim was allowed to proceed.

Similar to the defendant in *Beffert*, LVHN argues that O'Brien's claim should be dismissed because she was not eligible at the time of her requests. But their argument does not address O'Brien's allegation that she told LVHN she intended to take leave as soon as she became eligible. O'Brien began employment at LVHN on May 8, 2017, and therefore would have become eligible for FMLA leave on May 8, 2018.[5] O'Brien's request for leave falls within the pre-eligibility protection window described by *Beffert*. Although O'Brien was not eligible for FMLA leave at the time of her request, she would have been eligible at the time her requested leave was to commence. Thus, O'Brien has sufficiently alleged prospective eligibility beginning on May 8, 2018.

---

[5] LVHN does not dispute O'Brien's assertion that she satisfied, or would have satisfied, the FMLA's hours-based eligibility requirement. Because O'Brien was a full-time employee at LVHN, the Court assumes *arguendo* that she would satisfy the 1,250 hours of service eligibility requirement after one year of employment. *Meky v. Jetson Specialty Mktg. Servs.*, No. 5:16-cv-1020, 2017 U.S. Dist. LEXIS 31007, at * 27 n.6 (E.D. Pa. Mar. 6, 2017) (distinguishing a full-time employee-plaintiff in *Meky* from an as-needed, part-time employee-plaintiff in *Sinacole v. iGate Capital*, 287 F. App'x 993 (3d Cir. 2008)).

Having sufficiently alleged eligibility, it is necessary to evaluate whether O'Brien has alleged the other elements. The elements, outlined above and in *Ross*, 755 F.3d at 191-92, are discussed sequentially.

First, an interference claim must allege that the employer is subject to the FMLA's mandates. *Ross*, 755 F.3d at 191. Employers must comply when they have fifty or more full-time employees. 29 U.S.C. § 2611(4)(A)(i). O'Brien adequately alleged that LVHN was subject to FMLA requirements by noting the number of employees at LVHN. Am. Compl. ¶ 44.

Second, the FMLA requires that the employee is entitled to take FMLA leave. Employees may be entitled to leave due to a "serious medical condition" that impacts their ability to perform the responsibilities of the position. 29 U.S.C. § 2612(a)(1)(D). In the amended complaint, O'Brien alleges that she suffers from Crohn's Disease and that her illness requires occasional absenteeism. Am. Compl. ¶ 14. This allegation suffices.

Third, the employee must have provided notice of intent to take FMLA leave. To provide notice, the employee only needs to inform the employer of needed leave for a purpose covered by the FMLA; they need not invoke the FMLA by name. *Beffert*, 2005 U.S. Dist. LEXIS 6681, at *4 (quoting *Babcock v. BellSouth Advert. and Publ'g Corp.*, 348 F.3d 73, 78 n.5 (4th Cir. 2003)). O'Brien satisfies this requirement by alleging that she told her supervisor that she intended to take FMLA leave after gaining eligibility. Am. Compl. ¶ 17.

Finally, the employee must have been denied benefits. Indeed, O'Brien was terminated before she was able to take FMLA leave. Am. Compl. ¶ 25. Termination following a "valid request" for FMLA leave may be considered interference or retaliation. *Erdman*, 582 F.3d at 509. O'Brien has therefore made the necessary allegation to satisfy this final element.

Because the amended complaint alleges all necessary elements for an FMLA interference claim, LVHN's motion to dismiss is denied as it relates to O'Brien's request for FMLA leave to begin when she became eligible.

**B. LVHN's motion to dismiss O'Brien's FMLA retaliation claim**

To state a claim of retaliation for invocation of FMLA rights, a plaintiff must allege that: "(1) she invoked her right to FMLA-qualifying leave, (2) she suffered an adverse employment decision, and (3) the adverse action was causally related to her invocation of rights." *Lichtenstein v. Univ. of Pittsburgh Med. Ctr.*, 691 F.3d 294, 301-02 (3d Cir. 2012). O'Brien fails to state a claim for FMLA retaliation because she does not allege any facts which could plausibly give rise to a reasonable inference that her termination was causally linked to her request for FMLA leave.[6]

LVHN argues that O'Brien's retaliation claim must fail because she was not eligible for FMLA benefits. It is relevant to note at the outset that the eligibility analysis conducted in connection with O'Brien's interference claim is also applicable to her retaliation claim. As eligibility for FMLA benefits is necessary for interference claims, eligibility is also necessary for a retaliation claim. *See Snider*, 2016 U.S. Dist. LEXIS 143116, at *22. To the extent that O'Brien attempts to argue that her termination was in retaliation for leave requested before she

---

[6] The Court would normally analyze whether a plaintiff claiming FMLA retaliation has adequately alleged retaliatory intent through the *McDonnell Douglas* framework. *Liechtenstein*, 691 F.3d at 302 (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)). Under the *McDonnell Douglas* framework, after the plaintiff states a prima facie claim of employment discrimination, the burden shifts to the employer to show a "legitimate, nondiscriminatory" reason for the action. 411 U.S. at 802. If the employer makes that showing, the burden returns to the plaintiff to show that the employer's reason was pretext for a discriminatory action. *Id.* at 804. Here, O'Brien has not stated a prima facie claim because she does not raise a genuine issue of fact as to whether her termination was causally related to her leave request. Accordingly, *McDonnell Douglas* analysis is not necessary.

became eligible, she cannot state a claim. LVHN's refusal to grant medically-related leave during her first twelve months of employment may constitute a failure to accommodate under the Americans with Disabilities Act, but the FMLA provides no appropriate cause of action.[7] *See Thomas v. St. Mary Med. Ctr.*, 22 F. Supp. 3d 459, 474 (E.D. Pa. 2014). For those reasons, O'Brien's retaliation claim as it relates to requests for leave before she became eligible is dismissed with prejudice.

O'Brien's retaliation claim as it relates to her request for leave after gaining FMLA eligibility requires a different analysis. As discussed above, FMLA interference and retaliation claims may be supported by prospective eligibility when the employee would have been eligible at the time leave began. *See Erdman*, 582 F.3d at 509; *Beffert*, 2005 U.S. Dist. LEXIS 6681, at *9-10. To the extent that O'Brien's retaliation claim is based on prospective eligibility, her claim still must fail because the amended complaint does not allege facts which plausibly give rise to an inference of a causal link connecting her leave request to her termination.

A plaintiff may allege a causal relationship between an adverse employment action and the invocation of rights by claiming "(1) temporal proximity between the protected activity and the adverse employment action, (2) circumstantial evidence of a 'pattern of antagonism' following the protected conduct, or (3) where the proffered evidence, looked at as a whole, suffices to raise the inference." *Innella v. Lenape Valley Found.*, 152 F. Supp. 3d 445, 458 (E.D. Pa. 2015) (quoting *Kachmar v. Sungard Data Sys.*, 109 F.3d 173, 177 (3d Cir. 1997)). Temporal proximity alone is not sufficient to give rise to an inference of retaliatory intent when termination occurs more than "a few days" following the protected activity. *Rooks v. Alloy Surfaces Co.*, No.

---

[7] The Court takes no position on O'Brien's claim under the Americans with Disabilities Act.

09-cv-839, 2010 U.S. Dist. LEXIS 67440, at *5 (E.D. Pa. July 7, 2010) (collecting cases); *see also O'Donnell v. Colonial Intermediate Unit 20*, No. 12-cv-6529, 2013 U.S. Dist. LEXIS 43103, at *22-23 (E.D. Pa. Mar. 27, 2013) (citing *Williams v. Phila. Hous. Auth. Police Dept.*, 380 F.3d 751, 760 (3d Cir. 2004); *Jalil v. Avdel Corp.*, 873 F.2d 701, 708 (3d Cir. 1989)) (requiring time lapse to be "unusually suggestive" to support a retaliation claim).

LVHN argues that O'Brien has not pleaded facts sufficient to support a causal connection between her termination and her request for FMLA leave. Specifically, they assert that the timing of O'Brien's termination alone cannot support an inference of retaliatory intent, and that O'Brien did not plead facts showing a pattern of hostility by LVHN. In response, O'Brien contends that to survive a motion to dismiss, she only must plead facts sufficient to create reasonable belief that discovery would uncover evidence of the necessary elements. She also asserts a pattern of animosity, shown by employee discipline issued following absences and her supervisor's body language.

The present case is similar to *Rooks*. There, temporal proximity was not sufficient to support an inference of a causal relationship when an employee was terminated fifty-five days after returning to work from FMLA leave. 2010 U.S. Dist. LEXIS 67440, at *5. O'Brien alleges that the two-month period between termination and her prospective date of FMLA eligibility suggests retaliatory intent, but an allegation of approximately two months between events does not give rise to an inference of causation. *See Rooks*, 2010 U.S. Dist. LEXIS 67440 at *6.

As O'Brien's retaliation claim may relate her termination to her request for FMLA leave after becoming eligible, the amended complaint provides no temporal framework situating such a connection. Without a temporal framework, a claim alleging causal relation between FMLA leave requests and adverse employment actions based on temporal proximity is deficient. *See*

*Moran v. Nw. Essex Cmty. Healthcare Network, Inc.*, No. 11-cv-1802 (JLL), 2012 U.S. Dist. LEXIS 54668, at *6-7 (D.N.J. Apr. 18, 2012) (dismissing an FMLA retaliation claim that failed to describe the temporal relationship between protected activity and allegedly adverse employment actions).

When, as here, temporal proximity alone does not support an inference of causation, a "pattern of antagonism" or the evidence considered as a whole may suffice to give rise to such an inference. *Innella*, 152 F. Supp. 3d at 458 (quoting *Kachmar*, 109 F.3d at 177) (internal quotation marks omitted). LVHN asserts that O'Brien's allegations do not show a pattern that would give rise to an inference of causation. O'Brien alleges that employee discipline issued after illness-related absences, combined with her supervisor's body language, give rise to an inference that termination was causally related to her requests for FMLA leave.

In assessing the amended complaint's allegations, this Court need not credit allegations that merely paraphrase the elements required to sustain a claim. *Thornton v. Temple Univ. Health Sys.*, No. 17-cv-5419, 2018 U.S. Dist. LEXIS 13670, at *6-7 (E.D. Pa. Jan. 29, 2018) (citing *Wood v. Williams*, 568 F. App'x 100, 106-07 (3d Cir. 2014)) (disregarding as conclusory an allegation that plaintiff-employee was terminated due to FMLA leave invocation). Accordingly, O'Brien's allegations that LVHN provided a pretextual reason for termination and that LVHN committed retaliation when it terminated her two months before she gained eligibility for FMLA benefits are not considered.

Next, O'Brien asserts a pattern of animosity based on LVHN's disciplinary action for illness-related absenteeism. These allegations may be relevant to her ADA claim, but, as discussed above, the FMLA does not include a cause of action applicable to leave requests made without eligibility. *See Thomas*, 22 F. Supp. 3d at 474. O'Brien was not eligible for FMLA leave

on any of the dates when she was disciplined for illness-related absences. If courts were to consider disciplinary action for pre-eligibility illness-related absenteeism as a factor in its analysis of a retaliation claim, the eligibility requirement would become meaningless. Under that scenario, an employer would be prevented from disciplining an employee for absenteeism as soon as they hired the employee, which is clearly untenable. Accordingly, these disciplinary actions are not considered evidence of retaliation for the exercise of an FMLA right that O'Brien did not yet have.

O'Brien's remaining assertion to establish a pattern of animosity recounts her supervisor's alleged lack of professionalism and refusal to speak with O'Brien. This behavior is not sufficient to suggest a causal link. A complaint's factual allegations must create more than mere speculation that a right to recover exists. *Blakney v. City of Philadelphia*, No. 12-cv-6300, 2013 U.S. Dist. LEXIS 77925, at *18-19 (E.D. Pa. June 4, 2013) (dismissing Title VII retaliation claim when a former employer did not respond to reinstatement request with no further allegation showing retaliatory intent). While the alleged behavior of O'Brien's supervisor may be unseemly, it does not, taken alone, give rise to an inference that O'Brien's termination was causally related to her request for FMLA leave.

Further undermining O'Brien's claim that her FMLA requests were causally linked to her termination, LVHN did not discharge her following any one of her earlier leave requests. If O'Brien's requests were the cause of the adverse action, any of O'Brien's earlier requests might have been the catalyst, but LVHN took no action beyond denying the requests. The behavior of O'Brien's supervisor, like absence-related discipline, may be more appropriately considered under a different cause of action. These allegations alone, however, are not sufficient to suggest that O'Brien's termination was caused by her request for FMLA leave after becoming eligible.

Even accepting all allegations as true, O'Brien's FMLA retaliation claim fails because she has not pleaded sufficient facts to give rise to an inference that her termination was causally linked to requests for FMLA leave. For that reason, she has not stated a claim upon which relief can be granted. LVHN's motion as it relates to FMLA retaliation is granted and O'Brien's claim is dismissed with leave to amend.

## V. CONCLUSION

For the reasons stated above, LVHN's motion to dismiss is granted in part and denied in part. O'Brien's claim for FMLA interference and retaliation related to her requests for leave to begin before May 2018 is dismissed with prejudice. The Court will allow O'Brien leave to file a second amended complaint with respect to her FMLA retaliation claim as it relates to her request for leave after gaining FMLA eligibility. A separate order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge