UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NILDA O'BRIEN,<br>     Plaintiff,<br><br>    v.<br><br>LEHIGH VALLEY HEALTH<br>NETWORK, INC., *d/b/a Lehigh Valley Hospital;* and<br>LEHIGH VALLEY HOSPITAL, INC.,<br>*d/b/a LVHN – Muhlenberg,*<br>     Defendants. | No. 5:18-cv-03119 |

## O R D E R

**AND NOW**, this 27th day of June, 2019, upon consideration of Plaintiff's First Amended Complaint, ECF No. 12, Defendants' Partial Motion to Dismiss, ECF No. 15, Plaintiff's Response, ECF No. 16, Defendants' Reply, ECF No. 18, and for the reasons set forth in the accompanying Opinion, **IT IS ORDERED THAT**:

  1.  Defendants' Partial Motion to Dismiss, ECF No. 15, is **GRANTED in part and DENIED in part** consistent with the following;[1]

    a.  Plaintiff's FMLA interference and retaliation claims with respect to requests for leave beginning before she gained eligibility for FMLA leave are **DISMISSED with prejudice**;

---

[1] Plaintiff's FMLA claim (Count II of the Amended Complaint) can be divided into subparts based upon the Act's protective provisions: interference and retaliation. The Court analyzed each of Plaintiff's FMLA interference claim and FMLA retaliation claim in two parts, separately assessing the claims as they relate to the periods before and after O'Brien would have become eligible for FMLA leave. Thus, the Court analyzed this claim in four parts: (1) alleged interference with respect to Plaintiff's requests for leave to begin before becoming eligible; (2) alleged interference with respect to Plaintiff's stated intent to take leave after becoming eligible; (3) alleged retaliation with respect to Plaintiff's requests for leave before she became eligible; and (4) alleged retaliation with respect to Plaintiff's stated intent to take leave after becoming eligible.

      b.      Plaintiff stated a plausible FMLA interference claim with respect to her stated intent to take leave after becoming eligible and Defendants' Partial Motion to Dismiss, ECF No. 15, with respect to this portion of her FMLA claim is **DENIED**; and

      c.      Plaintiff's FMLA retaliation claim with respect to her stated intent to take leave after becoming eligible is **DISMISSED without prejudice**.

2.      Plaintiff is granted leave to file a second Amended Complaint for her FMLA retaliation claim with respect to her stated intent to take leave after becoming eligible consistent with the accompanying Opinion **on or before July 19, 2019**.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge